# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5067 | **DATE** | September 1, 2010 |
| **CASE TITLE** | | *Moser v. Gounaris* | |

**DOCKET ENTRY TEXT**

The defendants' motion to dismiss [Dkt. 93] is taken under advisement. The plaintiff is given one <u>final</u> extension, until 9/16/2010, to respond to the written discovery propounded by the defendants. To underscore the importance of compliance with the discovery rules, this case is placed on the court's suspense docket. The parties shall file brief, simultaneous position statements on 9/20/2010, addressing whether the plaintiff met his obligation to respond to written discovery. At that time, the court will consider whether to move this case back to its active docket and allow it to proceed or grant the defendants' motion to dismiss.

■[ For further details see text below.]

00:00

---

# STATEMENT

Pro se plaintiff Brian Moser filed suit against the defendant police officers and the City of Chicago alleging various claims relating to his June 17, 2007, arrest after a domestic dispute with his then-wife from whom he was getting a divorce. Two claims remain, an equal protection claim under 42 U.S.C . § 1983 and a claim for failure to provide medical attention under 42 U.S.C. § 1983. The defendants have moved to dismiss the case for want of prosecution under Fed. R. Civ. P. 41 and under Fed. R. Civ. P. 37 for failing to comply with an order requiring discovery and not responding to written discovery. The court heard oral argument on August 31, 2010. For the reasons stated below, the motion is taken under advisement.

**Background**

The plaintiff filed suit on September 5, 2008. After several rounds of briefing on the defendants' motion to dismiss, the only remaining claims are an equal protection claim under 42 U.S.C. § 1983 and a claim for failure to provide medical attention under 42 U.S.C. § 1983. The plaintiff was originally represented by counsel, but they withdrew on August 10, 2009, after the court ruled on the motion to dismiss and an apparent settlement agreement fell apart.

The defendants propounded written discovery on December 21, 2009, which the plaintiff did not answer. The defendants then re-sent the discovery requests and hand delivered them to the plaintiff on February 16, 2010, and the plaintiff again did not respond. During this period of time, the plaintiff indicated at several hearings that he was trying to retain new counsel. Despite numerous representations by the plaintiff that a new attorney was going to appear on his behalf, no one has ever filed an appearance. Indeed, at a May 6, 2010, hearing, the magistrate judge gave the plaintiff over a month for his new counsel to file an appearance. At the next hearing, on June 14, 2010, by which time new counsel was to have filed an

appearance, no new counsel had appeared.  When the magistrate judge inquired whether new counsel was going to represent him, the plaintiff stated, "I can't answer that right now."  The plaintiff further explained that "[w]e don't know whether – number one, we've got to figure out whether or not the evidence that we recreate is sustainable to deal with this case, or, B, that we cancel this case and we file cases against the previous attorneys for losing all the evidence and basically putting us without a case."  The magistrate judge ultimately told the plaintiff that she was setting a discovery schedule and stated, "I'm going to assume you're pro se because he has not shown up and he has not filed an appearance."  The plaintiff responded, "Okay."

At the June 14. 2010, hearing, the magistrate judge set a discovery schedule giving the plaintiff eight weeks to respond to the previous discovery that had already been propounded twice.  Although the plaintiff indicated that he believed that he had copies of the previously propounded discovery requests, the defendants agreed to re-send them to the plaintiff a third time, which they did that day via UPS.  The magistrate judge expressly told the plaintiff that "you now have to respond to that written discovery" and he answered, "Okay. Okay."  In addition, the magistrate judge told the plaintiff that "by August 9th, you'll answer their written discovery, and you'll send them your own written discovery if you have any."  The plaintiff indicated he understood this deadline as he stated at the end of the hearing, "Right. So eight weeks for discovery back and forth."  The plaintiff, however, has, to date, not responded to the defendants' written discovery requests nor did he propound any of his own written discovery.

**Analysis**

Under Fed. R. Civ. P. 37(b)(2)(A), "[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," including dismissing the case in whole or in part.  "Dismissal is appropriate where a party has displayed fault, bad faith, or willfulness."  *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 759 (7th Cir. 2005).  In determining whether dismissal is an appropriate sanction under Rule 37, a court must consider "the circumstances of the failure ... because the judge must be guided by the norm of proportionality that guides all judicial applications of sanctions." *Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992)(citation omitted); *Rice v. City of Chicago*, 333 F.3d 780, 785-86 (7th Cir. 2003) ("it is well settled in this circuit that the ultimate sanction of dismissal should be involved only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable") (internal quotations omitted).

Moreover, under Fed. R. Civ. P. 37(d)(1)(A)(ii), the court may impose sanctions if a party fails to serve answers to interrogatories.  The range of available sanctions includes dismissal.  Fed. R. Civ. P. 37(d)(3).  In considering whether sanctions should be imposed under Rule 37(d) and, if so, what sanctions are appropriate, the court must consider whether clear and convincing evidence shows that the non-responding party's conduct was willful, there is a pattern of disregard for the discovery rules, and prejudice to the opposing party. *See, e.g., Collins v. Illinois*, 554 F.3d 693, 696-97 (7th Cir. 2009).

Here, the record reveals a pattern of willful disregard for discovery rules, given the plaintiff's failure to answer interrogatories despite an order from the magistrate judge requiring him to do so.  This is especially true given that the plaintiff was afforded multiple opportunities to respond.  The defendants are not obligated to endlessly re-propound discovery requests in the hopes that one day the plaintiff will respond.  Nor is the court obligated to continue setting dates waiting for the plaintiff to decide he wants to participate in discovery.

## STATEMENT

At oral argument on the defendants' motion to dismiss, the plaintiff appeared to suggest that he met his discovery obligations because he produced 31 pages of evidence in support of his claims in the form of photographs and x-rays of his hand, and the names and addresses of relevant eyewitnesses. Producing documents, however, is not the same as responding to written interrogatories. Thus, the fact that the plaintiff's former attorneys produced documents does not obviate the plaintiff's obligation to respond to discovery requests that have been propounded three times over the past eight months. The magistrate judge ordered the plaintiff to respond to the defendants' discovery requests by August 9th (an extension of an additional eight weeks) and the plaintiff indicated he understood this obligation. The plaintiff nevertheless failed to comply.

Because the plaintiff is proceeding pro se, the court has given him wide latitude in prosecuting this case. The court also acknowledges, as demonstrated by the voicemail that the plaintiff left for the court's deputy clerk prior to the hearing on the motion to dismiss expressing his strong displeasure with the court's order requiring oral argument, that the plaintiff wishes to proceed with this case. *See* Dkt. # (currently being docketed) (audio clip of voicemail). Nevertheless, the plaintiff's vision of how this case should proceed is inconsistent with the Federal Rules of Civil Procedure, and pro se litigants must abide by the same rules as those litigants who are represented by counsel. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (pro se litigants are not "excused from compliance with procedural rules").

Accordingly, the defendants' motion to dismiss (Dkt. 93) is taken under advisement. The plaintiff is admonished that production of documents does not excuse him from responding to the written discovery propounded by the defendants. The plaintiff is given one *final* extension of time to respond. He must serve responses to the defendants's written discovery by September 16, 2010. The court will not extend this date for any reason, including representations that the plaintiff intends to secure counsel as discovery has been repeatedly extended on this basis yet the plaintiff is still proceeding pro se. To underscore the importance of compliance with the discovery rules, this case is placed on the court's suspense docket. The parties shall file brief, simultaneous position statements on September 20, 2010, addressing whether the plaintiff met his obligation to respond to written discovery. At that time, the court will consider whether to move this case back to its active docket and allow it to proceed or grant the defendants' motion to dismiss.

RH