# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5067 | **DATE** | September 23, 2010 |
| **CASE TITLE** | | *Moser v. Gounaris* | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the defendants' motion to dismiss the case as a discovery sanction [93-1] is granted. The clerk is directed to issue a Rule 58 judgment and terminate this case from the court's docket.

■[ For further details see text below.]

00:00

## STATEMENT

The defendants moved to dismiss this case on the ground that the plaintiff repeatedly failed to respond to discovery requests propounded by them and failed to comply with an order requiring discovery.[1] The court assumes familiarity with the facts of this case and its procedural history, and incorporates herein the discussion of the facts in its order of September 1, 1010, Dkt. #100. In that order, the court took defendants' motion under advisement and gave the plaintiff one final opportunity to file written responses to the interrogatories propounded by the defendants. The court expressly admonished the plaintiff that turning over documents did not satisfy his obligation to file written responses to discovery. The plaintiff was given until September 16, 2010, to respond to the interrogatories. Further, the parties were directed to file position statements on September 20, 2010, addressing whether the plaintiff had met his obligation to respond to written discovery.

The defendants filed their position statement as directed on September 20, 2010, and stated that they had not received any written discovery responses from the plaintiff. The plaintiff did not file a position statement.

As the court noted in its September 1, 2010, order:

> Under Fed. R. Civ. P. 37(b)(2)(A), "[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," including dismissing the case in whole or in part. "Dismissal is appropriate where a party has displayed fault, bad faith, or willfulness." *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 759 (7th Cir. 2005). In determining whether dismissal is an appropriate sanction under Rule

37, a court must consider "the circumstances of the failure ... because the judge must be guided by the norm of proportionality that guides all judicial applications of sanctions." *Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992)(citation omitted); *Rice v. City of Chicago*, 333 F.3d 780, 785-86 (7th Cir. 2003) ("it is well settled in this circuit that the ultimate sanction of dismissal should be involved only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable") (internal quotations omitted).

Moreover, under Fed. R. Civ. P. 37(d)(1)(A)(ii), the court may impose sanctions if a party fails to serve answers to interrogatories. The range of available sanctions includes dismissal. Fed. R. Civ. P. 37(d)(3). In considering whether sanctions should be imposed under Rule 37(d) and, if so, what sanctions are appropriate, the court must consider whether clear and convincing evidence shows that the non-responding party's conduct was willful, there is a pattern of disregard for the discovery rules, and prejudice to the opposing party. *See, e.g., Collins v. Illinois*, 554 F.3d 693, 696-97 (7th Cir. 2009).

Order of Sept. 1, 2010, Dkt. #100.

The plaintiff was directed by the magistrate judge to respond to the defendants' discovery requests by August 9, 2010, *see* Dkt. #89 and transcript of June 14, 2010, hearing before the magistrate judge which is attached as Exh. A to the defendants' motion to dismiss, but he failed to do so. This court also directed the plaintiff to file written responses to the defendants' interrogatories but he failed to do so. *See* Sept. 1, 2010, order, Dkt. #100. Any mistaken belief by the plaintiff that he had satisfied his obligation to respond to written discovery by turning over documents was expressly addressed in the court's September 1, 2010, order. Specifically, the court stated that "[p]roducing documents . . . is not the same as responding to written interrogatories" and admonished the plaintiff that "production of documents does not excuse him from responding to the written discovery propounded by the defendants." Order of September 1, 2010, Dkt. #100. The plaintiff was warned that if he did not respond, the case could be dismissed. *See id*.

The plaintiff has willfully disregarded the orders of both this court and the magistrate judge. Moreover, the plaintiff has exhibited a pattern of disregard for the discovery rules and court orders. Despite the fact that the defendants propounded the discovery on three different occasions and this court and the magistrate judge expressly ordered the plaintiff to file written responses, he has failed to do so. Finally, the plaintiff's failure to file written responses has prejudiced the defendants as they are unable to obtain answers to their interrogatories which would in turn allow them to properly defend their case. Pro se plaintiffs, like counseled litigants, must follow procedural rules and comply with court orders. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). The plaintiff has been afforded numerous opportunities to fulfill his obligations. Because he failed to do so, even in the face of a warning that his case would be dismissed if he did not comply, the court grants the defendants' motion to dismiss on the ground that the plaintiff has failed to respond to discovery and repeatedly did not comply with court orders. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

RH/p

1.The defendants also moved to dismiss the case under Fed. R. Civ. P. 41 for want of prosecution. The court need not address this aspect of the defendants' motion.